# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 16, 2014

## STATE OF TENNESSEE v. PHALANDA D. FALLS

**Appeal from the Circuit Court for Sullivan County**
**No. S61014      R. Jerry Beck, Judge**

_____

**No. E2014-00350-CCA-R3-CD - Filed October 8, 2014**

_____

Appellant, Phalanda D. Falls, entered a guilty plea to evading arrest, a Class D felony, and driving with a suspended license, a Class B misdemeanor, and received an effective sentence of four years. Following a hearing to determine her request for alternative sentencing, the trial court denied the motion and ordered appellant to serve her sentence in the Tennessee Department of Correction. This appeal follows. Upon our review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant District Public Defender, Blountville, Tennessee, for the appellant, Phalanda D. Falls.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Senior Counsel; Barry P. Staubus, District Attorney General; and Joshua D. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

Appellant entered a guilty plea to evading arrest, a Class D felony, and driving with a suspended license, a Class B misdemeanor. She received the agreed-upon concurrent sentences of four years as a Range II, multiple offender with a thirty-five percent release eligibility and six months with a seventy-five percent release eligibility, respectively. As a factual basis for the pleas, the State offered the following recitation:

On March 28th, 2012, Sgt. Greg Brown of the Bristol[,] Tennessee Police Department received a call that an individual by the name of Juan Henderson, who was wanted on an active warrant, had been seen at a location on Volunteer Parkway in Bristol, Sullivan County, Tennessee.

En route to that area[,] he was alerted to a particular silver Honda with a temporary tag that Mr. Henderson was to be in.  The vehicle pulled in front of his car and then turned onto Volunteer Parkway.

He followed the car for some distance, and at some point turned on – observed the car, the Honda recklessly pass another vehicle in the emergency lane and then continue on the Volunteer Parkway.

At that point Sgt. Brown initiated his traffic lights and sirens in an attempt to stop the vehicle from driving recklessly, but it continued north on Volunteer Parkway, failed to stop at red lights, passed cars in the emergency lane.

At some point[,] they were able to get the vehicle stopped with the aid of Bristol[,] Virginia Police Department, the driver being the Defendant, Ms. Phalanda Falls.

The evading arrest is a felony evading arrest . . . because she was in a motor vehicle.  They found her status to drive to be suspended at the time . . . .

Upon the stipulated facts, appellant pleaded guilty.  The trial court held a hearing on appellant's request for alternative sentencing at which the State offered the presentence report into evidence.  The report indicated that appellant had two convictions for misdemeanor theft, one conviction for driving with a suspended license, two convictions for failure to appear, one conviction for driving under the influence of an intoxicant, one count of public intoxication, one count of domestic violence, three felony convictions for possession of cocaine, and one conviction for assault.

Appellant testified on her own behalf and stated that at the time of the offense, she lived with her uncle.  She received Social Security disability benefits due to diagnoses of bipolar disorder and manic-depressive disorder with schizophrenic traits.  Appellant stated that prior to becoming disabled, she received vocational training and maintained regular employment.

With regard to her prior record, appellant indicated that the driving under the influence conviction she garnered in Cobb County, Georgia, involved "Air Duster" rather than alcohol. She stated that she began using marijuana at age seventeen but that she ceased using it in 2010. However, she explained that she smoked marijuana ten days prior to the hearing but that she had not used cocaine since 2005. Appellant testified that her addiction involved "Air Duster," which is a computer cleaner. She used it by "huffing," which she accomplished by spraying it directly into her mouth and lungs. At one point in her substance abuse, she used fourteen cans per day. Appellant also garnered some misdemeanor theft convictions when she attempted to shoplift the substance. She maintained that she had not "huffed" in almost a year. She acknowledged that the substance had done serious damage to her body and that in 2006, she had been treated in an intensive outpatient program for "huffing."

Appellant testified that she was currently participating in counseling once a month for her manic-depressive disorder with schizophrenic traits. She had also been admitted to a mental health facility on two prior occasions in 2010 and 2011 for mental breakdowns. She explained that both of the breakdowns were related to her "huffing" problem.

Appellant explained that she had previously failed to appear in court on two different occasions because her grandmother was sick. Her three felony convictions were on different days but were very close in time and occurred when she was twenty years old. She successfully completed probation on those cases. At the time of the hearing, appellant had a pending felony charge of distribution of hydrocodone, a controlled substance, which she garnered while out on bond for the instant offense. Appellant, through counsel, also introduced a letter of support from a family friend, L. Travis Campbell.

On cross-examination, the State established that after appellant's failures to appear in court on two dates in 2005, she relocated to Georgia until late 2007 or 2008 and that she did not seek to resolve her pending charges until 2009. Appellant also confirmed that she garnered a drug conviction involving cocaine in 1999 and received a fifteen-year sentence that was suspended to five years of supervised probation.

In delivering its ruling, the trial court stated:

> The Court has many balancing factors the Court must consider. The prior record is highly negative. The prior failure[s] to appear[] is highly – highly negative, in that she didn't appear back in court, was gone for some time, was eventually convicted of misdemeanor failure to appear. She has various prior felonies which I've read into the record, I won't repeat.

Now, the Court's also required to consider prison overcrowding. And the Court's required to consider in the nature of Community Corrections the potentiality of someone being reformed in regards to drug use. And I have to look at those items, too.

Now, and you have to figure out what's the best interest of the State, what's the best interest of . . . the Defendant.

What concerns the Court in many ways here, in addition to all those things I found when I was going through the presentence report, is the fact that while she was on bond on this case, she's picked up a new charge that has not been tried in Bristol, Virginia, and she also indicated she had reformed somewhat, at least in regard to huffing; but nevertheless she now has a – an admission that she used marijuana while waiting, just as early as ten days ago.

Considering all the favorable factors against the unfavorable factors, the Court's of the opinion, considering the number of times she's been on probation before, the Court's of the opinion probation should be denied. She'll be required to serve her sentence.

It is from this judgment that appellant now appeals.

## II. Analysis

Appellant raises one issue for our review: whether the trial court erred in denying alternative sentencing.

## A. Standard of Review

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on her own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4).

-4-

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. § 40-35-114, -210(c). The 2005 amendments set forth certain "advisory sentencing guidelines" that are not binding on the trial court; however, the trial court must nonetheless consider them. *See id*. § 40-35-210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id*. § 40-35-210(e). The weighing of mitigating and enhancing factors is left to the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The burden of proving applicable mitigating factors rests upon appellant. *State v. Mark Moore*, No. 03C01-9403-CR-00098, 1995 WL 548786, at *6 (Tenn. Crim. App. Sept. 18, 1995). The trial court's weighing of the various enhancement and mitigating factors is not grounds for reversal under the revised Sentencing Act. *Carter*, 254 S.W.3d at 345 (citing *State v. Devin Banks*, No. W2005-02213-CCA-R3-DD, 2007 WL 1966039, at *48 (Tenn. Crim. App. July 6, 2007), *aff'd as corrected*, 271 S.W.3d 90 (Tenn. 2008)).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Bise*, 380 S.W.3d at 709. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See Carter*, 254 S.W.3d at 346. The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

## B. Alternative Sentencing

When reviewing the denial of alternative sentencing, we begin with the proposition that a defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D, or E felony is considered to be a favorable candidate for

alternative sentencing in the absence of evidence to the contrary. *See* Tenn. Code Ann. § 40-35-102(6). "A court shall consider, but is not bound by, this advisory sentencing guideline." *Id.* The trial court must automatically consider probation as an alternative sentence for eligible defendants, but the defendant bears "the burden of establishing suitability for probation." Tenn. Code Ann. § 40-35-303(b). This burden includes demonstrating that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *Carter*, 254 S.W.3d at 347 (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A trial court should base its decision regarding any sentence involving confinement on the following considerations:

(A)    Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5).

Accordingly, while appellant is eligible for probation, she is not considered a favorable candidate due to her status as a Range II, multiple offender. Moreover, she bears the burden of demonstrating her suitability for probation.

In this case, the trial court found that appellant's prior criminal history was "highly negative." As noted above, the presentence report indicates that she had twelve prior convictions, including three felony convictions for possession of cocaine. In addition, while on bond awaiting disposition of the instant case, she was arrested for possession of hydrocodone with the intent to distribute.

The trial court considered appellant's drug use, as well. Although she had ceased "huffing" approximately ten months prior to the hearing, she admitted to using marijuana a

mere ten days prior to her court date. While appellant had successfully completed the terms and conditions of a prior alternative sentence without being revoked, that fact alone is insufficient to demonstrate appellant's suitability for probation. It is apparent that appellant lacks the potential for rehabilitation due to her proclivity to commit drug-related offenses even while on bond for a criminal offense. *Id.* § 40-35-103(5).

The trial court correctly concluded that confinement in this case is necessary to protect society due to the appellant's long history of criminal conduct, much of which involves controlled substances. *Id*. § 40-35-103(1)(A). Clearly, confinement is also necessary to avoid depreciating the seriousness of the offense. *Id.* § 40-35-103(1)(B). Appellant's actions endangered the lives of everyone on the road at that time. Finally, appellant participated in an outpatient drug treatment program in 2006, was hospitalized twice due to mental breakdowns brought about by her "huffing," and attended counseling for her mental health disorders once per month, all obviously to no avail. It is clear that her multiple reprieves from incarceration have failed to sufficiently motivate appellant to conform her conduct to the law. The trial court did not abuse its discretion in this case.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and the applicable legal authorities, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE